---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____   Chapter <u>11</u>

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Viceroy Private Capital, LLC |

**2.** **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

N/A

**3.** **Debtor's federal Employer Identification Number** (EIN)

83-1628544

**4.** **Debtor's address**

**Principal place of business**

127    Public Square
Number    Street

Suite 5300

Cleveland    Ohio    44114
City    State    ZIP Code

Cuyahoga
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    ZIP Code

**5.** **Debtor's website** (URL)

https://www.firstbrandsgroup.com

**6.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

| Debtor | Viceroy Private Capital, LLC | Case number (if known) | 25- ( ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

3363 - Motor Vehicle Parts Manufacturing

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes  District _____ When _____ Case number _____
                                    MM/ DD/ YYYY

           District _____ When _____ Case number _____
                                    MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes  Debtor _____See Schedule 1_____ Relationship _____See Schedule 1_____

           District _Southern District of Texas_ When _____See Schedule 1_____
                                                           MM / DD/ YYYY

           Case number, if known _____

Debtor        Viceroy Private Capital, LLC                                    Case number (if known)     25-      (      )
              Name

**11. Why is the case filed in this district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

City                            State           ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor   Viceroy Private Capital, LLC                                    Case number (if known)   25-        (   )
         Name

**16. Estimated liabilities**
(on a consolidated basis with all
affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☒ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ▪ I have been authorized to file this petition on behalf of the debtor.
- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   September 28, 2025
              MM/DD/YYYY

✗   /s/ Charles M. Moore                              Charles M. Moore
    Signature of authorized representative of          Printed name
    debtor

    Chief Restructuring Officer
    Title

**18. Signature of attorney**

✗   /s/ Clifford W. Carlson               Date   September 28, 2025
    Signature of attorney for debtor              MM/DD/YYYY

    Clifford W. Carlson                          Matthew S. Barr
    Printed Name

    Weil, Gotshal & Manges LLP                   Weil, Gotshal & Manges LLP
    Firm Name

    700 Louisiana Street, Suite 3700             767 Fifth Avenue
    Address

    Houston, Texas 77002                         New York, New York 10153
    City/State/Zip

    (713) 546-5000                               (212) 310-8000
    Contact Phone

    clifford.carlson@weil.com                    matt.barr@weil.com
    Email Address

    24090024          Texas
    Bar Number        State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On September 24, 2025, each of the affiliated entities listed below (collectively, the "**Initial Debtors**"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").

| Name of Debtor | EIN Number | Case Number | Date Filed |
|---|---|---|---|
| Global Assets LLC | 36-5121789 | 25-90383 (CML) | September 24, 2025 |
| Global Lease Assets Holdings, LLC | 38-4333659 | 25-90384 (CML) | September 24, 2025 |
| Carnaby Capital Holdings, LLC | 85-1142384 | 25-90385 (CML) | September 24, 2025 |
| Broad Street Financial Holdings, LLC | 99-1698138 | 25-90386 (CML) | September 24, 2025 |
| Broad Street Financial, LLC | 99-1718479 | 25-90387 (CML) | September 24, 2025 |
| Carnaby Inventory II, LLC | 88-0589845 | 25-90388 (CML) | September 24, 2025 |
| Carnaby Inventory Holdings II, LLC | 88-0529704 | 25-90389 (CML) | September 24, 2025 |
| Carnaby Inventory III, LLC | 88-0615839 | 25-90390 (CML) | September 24, 2025 |
| Carnaby Inventory Holdings III, LLC | 88-0555850 | 25-90391 (CML) | September 24, 2025 |
| Patterson Inventory, LLC | 93-3762872 | 25-90392 (CML) | September 24, 2025 |
| Patterson Inventory Holdings, LLC | 93-3750079 | 25-90393 (CML) | September 24, 2025 |
| Starlight Inventory I, LLC | 99-1166698 | 25-90394 (CML) | September 24, 2025 |
| Starlight Inventory Holdings I, LLC | 99-1166472 | 25-90395 (CML) | September 24, 2025 |

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) (collectively, with the Initial Debtors, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in Court. A motion will be filed with the Court requesting the chapter 11 case of each of the Debtors listed above and below be consolidated for procedural purposes only and jointly administered under the jointly administered chapter 11 case of First Brands Group, LLC.

| Name of Debtor | EIN Number | Case Number | Date Filed |
|---|---|---|---|
| Trico Technologies Corporation | 74-2404797 | 25-_____ (CML) | September 28, 2025 |
| First Brands Group Holdings, LLC | 85-1927700 | 25-_____ (CML) | September 28, 2025 |
| First Brands Group Intermediate, LLC | 82-4069383 | 25-_____ (CML) | September 28, 2025 |
| First Brands Group, LLC | 46-2872032 | 25-_____ (CML) | September 28, 2025 |
| FRAMAuto Holdings, LLC | 83-3423482 | 25-_____ (CML) | September 28, 2025 |
| Autolite Operations LLC | 80-0697550 | 25-_____ (CML) | September 28, 2025 |
| Viceroy Private Capital, LLC | 83-1628544 | 25-_____ (CML) | September 28, 2025 |
| FRAM Group Operations LLC | 80-0697545 | 25-_____ (CML) | September 28, 2025 |
| FRAM Group IP LLC | 90-0673615 | 25-_____ (CML) | September 28, 2025 |

| Name of Debtor | EIN Number | Case Number | Date Filed |
|---|---|---|---|
| Jasper Acquisition Corp. | 99-0478870 | 25-_____(CML) | September 28, 2025 |
| Jasper Rubber Products, Inc. | 35-0856473 | 25-_____(CML) | September 28, 2025 |
| Specialty Pumps Group, Inc. | 83-3019481 | 25-_____(CML) | September 28, 2025 |
| ASC Industries, Inc. | 34-1187793 | 25-_____(CML) | September 28, 2025 |
| Heatherton Holdings, LLC | 36-4872564 | 25-_____(CML) | September 28, 2025 |
| PHNX Acquisition Corp. | 92-2593644 | 25-_____(CML) | September 28, 2025 |
| Hopkins Acquisition, Inc. | 45-2393819 | 25-_____(CML) | September 28, 2025 |
| Hopkins Manufacturing Corporation | 48-0575295 | 25-_____(CML) | September 28, 2025 |
| Carrand Companies, Inc. | 95-3793390 | 25-_____(CML) | September 28, 2025 |
| Horizon Global Corporation | 47-3574483 | 25-_____(CML) | September 28, 2025 |
| Horizon Global Company LLC | 47-3578964 | 25-_____(CML) | September 28, 2025 |
| Horizon Global Americas Inc. | 38-2935446 | 25-_____(CML) | September 28, 2025 |
| Horizon International Holdings LLC | 47-3593202 | 25-_____(CML) | September 28, 2025 |
| Horizon Euro Finance LLC | 47-4948744 | 25-_____(CML) | September 28, 2025 |
| Strongarm, LLC | 20-5109574 | 25-_____(CML) | September 28, 2025 |
| Premier Marketing Group, LLC | 45-5278587 | 25-_____(CML) | September 28, 2025 |
| AVM Export, Inc. | 46-2326920 | 25-_____(CML) | September 28, 2025 |
| Carter Fuel Systems, LLC | 46-2883328 | 25-_____(CML) | September 28, 2025 |
| Carter Fuel Export, Inc. | 46-3738996 | 25-_____(CML) | September 28, 2025 |
| Carter Carburetor Holdings, LLC | 93-3404522 | 25-_____(CML) | September 28, 2025 |
| Walbro Midco LLC | 87-1869178 | 25-_____(CML) | September 28, 2025 |
| WEM US Co. | 46-0685219 | 25-_____(CML) | September 28, 2025 |
| Walbro LLC | 38-2968944 | 25-_____(CML) | September 28, 2025 |
| Carter Carburetor, LLC | 93-3405092 | 25-_____(CML) | September 28, 2025 |
| KTRI Holdings, Inc. | 26-0332927 | 25-_____(CML) | September 28, 2025 |
| Viper Acquisition, Inc. | 47-2130904 | 25-_____(CML) | September 28, 2025 |
| Qualitor Acquisition Inc. | 47-2068430 | 25-_____(CML) | September 28, 2025 |
| Qualitor, Inc. | 38-3464466 | 25-_____(CML) | September 28, 2025 |
| Transportation Aftermarket Enterprise, LLC | 38-3460567 | 25-_____(CML) | September 28, 2025 |
| TAE China Holdings, Inc. | 46-3684362 | 25-_____(CML) | September 28, 2025 |
| Qualitor Subsidiary H, Inc. | 34-1503649 | 25-_____(CML) | September 28, 2025 |
| Qualitor Subsidiary S, Inc. | 38-2011233 | 25-_____(CML) | September 28, 2025 |
| Longman Enterprises, Inc. | 59-1586186 | 25-_____(CML) | September 28, 2025 |
| Pylon Manufacturing Corp. | 59-1548344 | 25-_____(CML) | September 28, 2025 |
| Pylon South Bend, Inc. | 87-2197606 | 25-_____(CML) | September 28, 2025 |
| KTRI Offshore Holdings, LLC | N/A | 25-_____(CML) | September 28, 2025 |
| Trico Products Corporation | 16-0665680 | 25-_____(CML) | September 28, 2025 |

| Name of Debtor | EIN Number | Case Number | Date Filed |
|---|---|---|---|
| Trico Holding Corporation | 16-1271407 | 25-_____(CML) | September 28, 2025 |
| Dalton Corporation, Kendallville Manufacturing Facility | 35-2054777 | 25-_____(CML) | September 28, 2025 |
| Dalton Corporation, Warsaw Manufacturing Facility | 35-2054775 | 25-_____(CML) | September 28, 2025 |
| Dalton Corporation, Stryker Machining Facility Co. | 34-1873080 | 25-_____(CML) | September 28, 2025 |
| Dalton Corporation, Ashland Manufacturing Facility | 34-1873079 | 25-_____(CML) | September 28, 2025 |
| Viper Acquisition I, Inc. | 92-1424222 | 25-_____(CML) | September 28, 2025 |
| TAE Brakes, LLC | 86-1290698 | 25-_____(CML) | September 28, 2025 |
| International Brake Industries, Inc. | 34-1600789 | 25-_____(CML) | September 28, 2025 |
| IBI International Holding Company, Inc. | 84-1896714 | 25-_____(CML) | September 28, 2025 |
| Qualitor Automotive, LLC | 27-4496580 | 25-_____(CML) | September 28, 2025 |
| BPI Acquisition Company, LLC | 61-1704823 | 25-_____(CML) | September 28, 2025 |
| Brake Parts Inc LLC | 06-1248287 | 25-_____(CML) | September 28, 2025 |
| BPI EC, LLC | 84-2220895 | 25-_____(CML) | September 28, 2025 |
| Brake Parts Inc India LLC | 02-0809047 | 25-_____(CML) | September 28, 2025 |
| BPI Holdings International, LLC | 46-1423731 | 25-_____(CML) | September 28, 2025 |
| Brake Parts Inc China LLC | 35-2349441 | 25-_____(CML) | September 28, 2025 |
| Eagle Machining, LLC | 87-2985879 | 25-_____(CML) | September 28, 2025 |
| Eagle Casting Holdings, LLC | 93-1944852 | 25-_____(CML) | September 28, 2025 |
| Eagle Casting, LLC | 92-1818804 | 25-_____(CML) | September 28, 2025 |
| Dalton Corporation | 35-0259770 | 25-_____(CML) | September 28, 2025 |
| Cardone Industries, Inc. | 23-3000982 | 25-_____(CML) | September 28, 2025 |
| SDC TX, LLC | 82-3997497 | 25-_____(CML) | September 28, 2025 |
| Reman Management International LLC | 27-0835555 | 25-_____(CML) | September 28, 2025 |
| Smart Choice, LLC | 37-1626074 | 25-_____(CML) | September 28, 2025 |
| Tridonex USA LLC | N/A | 25-_____(CML) | September 28, 2025 |
| Global Reman Ventures, LLC | N/A | 25-_____(CML) | September 28, 2025 |
| APC Parent, LLC | 85-1502077 | 25-_____(CML) | September 28, 2025 |
| APC Intermediate Holdings, LLC | 85-1503595 | 25-_____(CML) | September 28, 2025 |
| CWD Intermediate Holdings I, LLC | 85-1515293 | 25-_____(CML) | September 28, 2025 |
| CWD Intermediate Holdings II, LLC | 26-2177285 | 25-_____(CML) | September 28, 2025 |
| CWD Holding, LLC | 26-2177381 | 25-_____(CML) | September 28, 2025 |
| CWD, LLC | 91-2015832 | 25-_____(CML) | September 28, 2025 |
| Qualis Enterprises, LLC | 84-1646610 | 25-_____(CML) | September 28, 2025 |

| Name of Debtor | EIN Number | Case Number | Date Filed |
|---|---|---|---|
| Qualis Automotive, L.L.C. | 36-4287291 | 25-_____(CML) | September 28, 2025 |
| Toledo Molding & Die, LLC | 34-1612053 | 25-_____(CML) | September 28, 2025 |
| UCI International Holdings Parent Inc. | 85-2048640 | 25-_____(CML) | September 28, 2025 |
| UCI International Holdings, Inc. | 80-0665732 | 25-_____(CML) | September 28, 2025 |
| UCI International, LLC | 16-1760186 | 25-_____(CML) | September 28, 2025 |
| United Components, LLC | 04-3759857 | 25-_____(CML) | September 28, 2025 |
| UCI Acquisition Holdings (No. 4) LLC | 47-3748447 | 25-_____(CML) | September 28, 2025 |
| UCI-Airtex Holdings, Inc. | 86-1065425 | 25-_____(CML) | September 28, 2025 |
| Airtex Industries, LLC | 56-2490830 | 25-_____(CML) | September 28, 2025 |
| Airtex Products, LP | 20-1970933 | 25-_____(CML) | September 28, 2025 |
| UCI Pennsylvania, Inc. | 23-2051527 | 25-_____(CML) | September 28, 2025 |
| Champion Laboratories, Inc. | 37-0995645 | 25-_____(CML) | September 28, 2025 |
| Universal Auto Filter LLC | 38-4127928 | 25-_____(CML) | September 28, 2025 |
| Fuel Filter Technologies, Inc. | 36-3850890 | 25-_____(CML) | September 28, 2025 |
| Carnaby Capital, LLC | 85-1148725 | 25-_____(CML) | September 28, 2025 |
| Carnaby Inventory Holdings IV, LLC | 88-2934600 | 25-_____(CML) | September 28, 2025 |
| Carnaby Inventory IV, LLC | 88-2934373 | 25-_____(CML) | September 28, 2025 |
| Carnaby FA Holdings, LLC | 93-3538148 | 25-_____(CML) | September 28, 2025 |
| Carnaby FA, LLC | 93-3546017 | 25-_____(CML) | September 28, 2025 |
| Global Assets GmbH | N/A | 25-_____(CML) | September 28, 2025 |

OMNIBUS ACTION BY WRITTEN CONSENT OF
THE APPLICABLE GOVERNING BODY OF EACH OF
THE ENTITIES LISTED ON SCHEDULE A HERETO

September 28, 2025

With respect to each of the entities on **Schedule A** hereto (each, a "**Company**" and, collectively, the "**Companies**"), the undersigned, being either (i) the requisite members of the boards of directors of such Company, (ii) the requisite members of the board of managers of such Company, (iii) the sole member of such Company, (iv) the general partner of such Company, (v) the sole manager of such Company, or (vi) the equivalent of any of the foregoing (each of clauses (i) through (vi), with respect to such Company, its "**Governing Body**") of the Company or Companies set forth on the undersigned's signature page to this written consent, in each case, effective as of the date written above, hereby consents to, adopts, approves and authorizes the following resolutions and all actions effected herein by written consent in lieu of a meeting, in each case, in accordance with the applicable provisions of such Company's limited liability agreement, operating agreement, or other applicable organizational documents in effect as of the date of this written consent and the applicable laws of the jurisdiction in which such Company is organized.

**WHEREAS**, each Governing Body has had the opportunity to review and analyze the assets, liabilities and liquidity of the Company for which it serves as Governing Body and the strategic alternatives available to such Company and the impact of the foregoing on such Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company for which it serves as the Governing Body to fully consider, and has considered, the strategic alternatives available to such Company;

**WHEREAS**, on September 17, 2025, the Boards of Managers of each of (i) First Brands Group Holdings, LLC ("**FBGH**"), (ii) First Brands Group Intermediate, LLC ("**FBGI**"), (iii) First Brands Group, LLC ("**FBG**"), and (iv) Viceroy Private Capital, LLC ("**Viceroy**" and, collectively, with FBGH, FBGI, and FBG, the "**Parent Entities**") each adopted resolutions (the "**September 17th Written Consent**") (i) appointing Neal Goldman and William Transier to the Boards of the Parent Entities as independent managers (the "**Independent Managers**"), and (ii) establishing a special committee of its Board comprised of the Independent Managers (the "**Special Committee**"), in each case, with the power and authority set forth therein;

**WHEREAS**, on September 24, 2025, each such Boards of Managers adopted resolutions (the "**September 24th Written Consent**") (i) modifying the power and authority of the Special Committee as initially set forth in the September 17th Written Consent to include the power and authority to consider, evaluate, negotiate, and approve a Potential Transaction (as defined in the September 24th Written Consent), and (ii) appointing Charles M. Moore as Chief Restructuring Officer of each such Parent Entity with the power and authority set forth

therein;

**WHEREAS**, on the date hereof, the Special Committee of each Parent Entity, recommended to the Governing Body of the Company for which it is the special committee thereof, and to the Governing Bodies of the other Companies, that each of the Companies authorize and approve the actions set forth below; and

**WHEREAS**, each Governing Body believes that taking the actions set forth below is in the best interests of the Company for which it serves as the Governing Body (including, but not limited to, because of the ability of creditors to exercise remedies against the Company and the need to protect the interests of the Company under the circumstances) and, therefore, desires to approve the following resolutions.

## 1. **Chapter 11 Filing**

**NOW, THEREFORE, BE IT RESOLVED**, that with respect to each Company in the respective business judgment of each Governing Body of such Company, and in consultation with management and the legal and financial advisors of the Companies, it is desirable and in the best interests of such Company (including in consideration of its respective creditors) that such Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "**Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**FURTHER RESOLVED**, that any officer, including the Chief Restructuring Officer (as defined below), manager, or other authorized person of the Company (collectively, the "**Authorized Persons**"), acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, papers, and other documents, and to take and perform any and all actions, that such Authorized Person deems necessary, proper or desirable in connection with such Company's Chapter 11 Case or filings therefor, including, without limitation, (i) the payment of fees, costs, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, (ii) employing and retaining (including the payment of appropriate retainers and fees) all assistance by legal counsel, accountants, financial advisors, bankers, and other professionals, and (iii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, or instruments (or any amendments or modifications thereto), in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person has been deemed to meet such standard);[1] and

---

[1] For the avoidance of doubt, to the extent that any Company serves as the Controlling Company (defined herein) of any other Company, each such appointment of the Authorized Persons shall have been deemed to occur sequentially at the time of appointment by the applicable Governing Bodies of each respective Company (including by such Controlling Company).

**FURTHER RESOLVED**, that all acts and deeds previously performed by any of the Authorized Persons prior to the adoption of the foregoing resolutions that are within the authority conferred by the foregoing resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of such Company.

## 2. Retention of Professionals

**NOW, THEREFORE, BE IT RESOLVED**, that in connection with the Chapter 11 Cases, each Governing Body has determined it is in the best interest of the Company for which it serves as the Governing Body that, each Authorized Person of such Company, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Person deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and

**FURTHER RESOLVED**, that the retention of Weil, Gotshal & Manges LLP ("**Weil**"), as attorneys for the Companies in the Chapter 11 Cases pursuant to the engagement letter, by and among FBGH, Viceroy, each of their subsidiaries, and Weil, subject to Bankruptcy Court approval, is hereby ratified, authorized, and approved; and

**FURTHER RESOLVED**, that the retention of Alvarez & Marsal North America, LLC ("**A&M**"), as financial advisor for the Companies in the Chapter 11 Cases, pursuant to the engagement letter, by and among FBGH, Viceroy, each of their controlled subsidiaries, and A&M (as amended, supplemented, or otherwise modified from time to time, the "**A&M Engagement Letter**"), subject to Bankruptcy Court approval, is hereby ratified, authorized, and approved; and

**FURTHER RESOLVED,** that, each Governing Body hereby ratifies, authorizes, adopts, and approves, in all respects, (i) the form, terms, and provisions of the A&M Engagement Letter, (ii) the execution and delivery of the A&M Engagement Letter, and (iii) the performance by the Companies of their duties and obligations thereunder; and

**FURTHER RESOLVED**, that the retention of Lazard Frères & Co ("**Lazard**"), as investment banker for the Companies in the Chapter 11 Cases, pursuant to the engagement letter, by and among Weil, FBGH, Viceroy, each of their controlled subsidiaries, and Lazard (as amended, supplemented, or otherwise modified from time to time), subject to Bankruptcy Court approval, is hereby ratified, authorized, and approved; and

**FURTHER RESOLVED**, that the retention of Kroll Restructuring Agency, LLC ("**Kroll**"), as claims and noticing agent in the Chapter 11 Cases, pursuant to the engagement letter, by and among FBGH, Viceroy, each of their controlled subsidiaries, and Kroll, subject to Bankruptcy Court approval, is hereby ratified, authorized, and approved; and

**FURTHER RESOLVED**, that, with respect to each Company for which it serves as

the Governing Body, each Authorized Person of such Company, whether acting alone or with one or more other Authorized Persons be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, papers, and other documents, and to take and perform any and all actions, that such Authorized Person deems necessary, proper or desirable in connection with such Company's Chapter 11 Case or filings therefor, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, (ii) employing and retaining (including the payment of appropriate retainers and fees) all assistance by legal counsel, accountants, financial advisors, bankers, and other professionals, and (iii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, or instruments (or any amendments or modifications thereto), in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person has been deemed to meet such standard).

### 3. Appointment of Chief Restructuring Officer

**WHEREAS**, on September 26, 2025, the Board of Managers of each Parent Entity adopted resolutions appointing Charles M. Moore as Chief Restructuring Officer of each such Parent Entity with the power and authority set forth therein; and

**WHEREAS,** each Governing Body believes that it is advisable and in the best interests of the Company for which it serves as the Governing Body to appoint Charles M. Moore as Chief Restructuring Officer of such Company with the roles and responsibilities as described in the A&M Engagement Letter.

**NOW, THEREFORE, BE IT RESOLVED,** that each Governing Body (other than the Boards of Managers of the Parent Entities) hereby designates and appoints Charles M. Moore as Chief Restructuring Officer of the Company for which it serves as the Governing Body, and delegates its power and authority to take the following actions:

1. Approve all cash expenditures of the Company;

2. Approve the incurrence of any indebtedness by the Company;

3. Oversee the cash management system of the Company;

4. Oversee C-Street Advisory Group, LLC in the performance of its services under its engagement letter with FBGH and Viceroy, and each of their controlled subsidiaries, dated September 19, 2025; and

5. Take other acts necessary to effectuate the foregoing; and

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall (i) report directly to, and take direction exclusively from, the Special Committees and (ii) have authority to take and direct any activities necessary and appropriate to facilitate the work or instructions of the

Special Committees; and

**FURTHER RESOLVED,** that the Chief Restructuring Officer is authorized and directed to perform all acts and deeds and to execute and deliver all necessary documents on behalf of each Company in accordance with the scope outlined in the A&M Engagement Letter and this written consent.

## 4. General Resolutions

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, each Authorized Person, in the name and on behalf of its respective Company, in each case, acting alone or with one or more other Authorized Persons, be, and hereby is, authorized, empowered, and directed to take any and all action consistent with these resolutions that such Authorized Person deems necessary, proper, or advisable in order to carry out fully the intent and purposes of these resolutions or otherwise as each such Authorized Person, in his or her sole discretion, may approve, deem necessary, appropriate, desirable, or advisable to carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that, to the extent that any Company serves as the sole member, sole manager, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person of such Company, who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that such Company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company; and

**FURTHER RESOLVED**, that each Governing Body has received sufficient notices of the actions and transactions relating to the matters contemplated by all of the foregoing resolutions, as may be required by the organizational documents of the Company for which it serves as the Governing Body, or hereby waives any rights to have received such notices as set forth in the applicable organizational documents; and

**FURTHER RESOLVED**, that each Governing Body hereby irrevocably waives notice of the time, place, and purposes of a meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of the Company for which it serves as the Governing Body; and

**FURTHER RESOLVED**, that any and all past actions heretofore taken and expenses incurred in the name of and on behalf of each Company by any officer, director, manager or other Authorized Person of any such Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to and approved by the Governing Bodies prior to such actions being taken; and

**FURTHER RESOLVED**, that any Authorized Person, with respect to its respective Company, is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Person, a true copy of the foregoing resolutions.

*     *     *     *

Each undersigned (being the Governing Body for the Company for which it serves as the Governing Body) agrees that this written consent shall be added to the corporate records of each such Company and made a part thereof, and the undersigned further agrees that the resolutions set forth herein shall have the same force and effect as if adopted at a meeting duly noticed, held, called and constituted pursuant to each such Company's respective organizational documents and the applicable laws of the jurisdiction in which each such Company is organized. Facsimile, scanned, or electronic signatures shall be acceptable as originals.

## SCHEDULE A

| Company Name |
|---|
| 1. First Brands Group Holdings, LLC |
| 2. First Brands Group Intermediate, LLC |
| 3. First Brands Group, LLC |
| 4. FRAMAuto Holdings, LLC |
| 5. Autolite Operations LLC |
| 6. FRAM Group Operations LLC |
| 7. FRAM Group IP LLC |
| 8. Jasper Acquisition Corp. |
| 9. Jasper Rubber Products, Inc. |
| 10. Specialty Pumps Group, Inc. |
| 11. ASC Industries, Inc. |
| 12. Heatherton Holdings, LLC |
| 13. PHNX Acquisition Corp. |
| 14. Hopkins Acquisition, Inc. |
| 15. Hopkins Manufacturing Corporation |
| 16. Carrand Companies, Inc. |
| 17. Horizon Global Corporation |
| 18. Horizon Global Company LLC |
| 19. Horizon Global Americas Inc. |
| 20. Horizon International Holdings LLC |
| 21. Horizon Euro Finance LLC |
| 22. Strongarm, LLC |
| 23. Premier Marketing Group, LLC |
| 24. AVM Export, Inc. |
| 25. Carter Fuel Systems, LLC |
| 26. Carter Fuel Export, Inc. |
| 27. Carter Carburetor Holdings, LLC |
| 28. Walbro Midco LLC |
| 29. WEM US Co. |
| 30. Walbro LLC |
| 31. Carter Carburetor, LLC |
| 32. KTRI Holdings, Inc. |
| 33. Viper Acquisition, Inc. |
| 34. Qualitor Acquisition Inc. |
| 35. Qualitor, Inc. |
| 36. Transportation Aftermarket Enterprise, LLC |
| 37. TAE China Holdings, Inc. |
| 38. Qualitor Subsidiary H, Inc. |
| 39. Qualitor Subsidiary S, Inc. |
| 40. Longman Enterprises, Inc. |
| 41. Pylon Manufacturing Corp. |
| 42. Pylon South Bend, Inc. |

| Company Name |
| --- |
| 43. KTRI Offshore Holdings, LLC |
| 44. Trico Products Corporation |
| 45. Trico Holding Corporation |
| 46. Trico Technologies Corporation |
| 47. Dalton Corporation, Kendallville Manufacturing Facility |
| 48. Dalton Corporation, Warsaw Manufacturing Facility |
| 49. Dalton Corporation, Stryker Machining Facility Co. |
| 50. Dalton Corporation, Ashland Manufacturing Facility |
| 51. Viper Acquisition I, Inc. |
| 52. TAE Brakes, LLC |
| 53. International Brake Industries, Inc. |
| 54. IBI International Holding Company, Inc. |
| 55. Qualitor Automotive, LLC |
| 56. BPI Acquisition Company, LLC |
| 57. Brake Parts Inc LLC |
| 58. BPI EC, LLC |
| 59. Brake Parts Inc India LLC |
| 60. BPI Holdings International, LLC |
| 61. Brake Parts Inc China LLC |
| 62. Eagle Machining, LLC |
| 63. Eagle Casting Holdings, LLC |
| 64. Eagle Casting, LLC |
| 65. Dalton Corporation |
| 66. Cardone Industries, Inc. |
| 67. SDC TX, LLC |
| 68. Reman Management International LLC |
| 69. Smart Choice, LLC |
| 70. Tridonex USA LLC |
| 71. Global Reman Ventures, LLC |
| 72. APC Parent, LLC |
| 73. APC Intermediate Holdings, LLC |
| 74. CWD Intermediate Holdings I, LLC |
| 75. CWD Intermediate Holdings II, LLC |
| 76. CWD Holding, LLC |
| 77. CWD, LLC |
| 78. Qualis Enterprises, LLC |
| 79. Qualis Automotive, L.L.C. |
| 80. Toledo Molding & Die, LLC |
| 81. UCI International Holdings Parent Inc. |
| 82. UCI International Holdings, Inc. |
| 83. UCI International, LLC |
| 84. United Components, LLC |
| 85. UCI Acquisition Holdings (No. 4) LLC |
| 86. UCI-Airtex Holdings, Inc. |

| Company Name |
| --- |
| 87. Airtex Industries, LLC |
| 88. Airtex Products, LP |
| 89. UCI Pennsylvania, Inc. |
| 90. Champion Laboratories, Inc. |
| 91. Universal Auto Filter LLC |
| 92. Fuel Filter Technologies, Inc. |
| 93. Viceroy Private Capital, LLC |
| 94. Carnaby Capital, LLC |
| 95. Carnaby Inventory Holdings IV, LLC |
| 96. Carnaby Inventory IV, LLC |
| 97. Carnaby FA Holdings, LLC |
| 98. Carnaby FA, LLC |

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Managers of (1) First Brands Group Holdings, LLC, (2) First Brands Group Intermediate, LLC, (3) First Brands Group, LLC and (4) Viceroy Private Capital, LLC, have executed this written consent as of the date first written above.

**Managers:**

_____
Patrick James

_____
Shekhar Kumar

_____
Stephen Graham

_____
Neal Goldman

_____
William Transier

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Managers of (1) First Brands Group Holdings, LLC, (2) First Brands Group Intermediate, LLC, (3) First Brands Group, LLC and (4) Viceroy Private Capital, LLC, have executed this written consent as of the date first written above.

**Managers:**

_____
Patrick James

_____
Shekhar Kumar

_____
Stephen Graham

_____
Neal Goldman

_____
William Transier

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Managers of (1) First Brands Group Holdings, LLC, (2) First Brands Group Intermediate, LLC, (3) First Brands Group, LLC and (4) Viceroy Private Capital, LLC, have executed this written consent as of the date first written above.

**Managers:**

_____
Patrick James


_____
Shekhar Kumar


_____
Stephen Graham


_____
Neal Goldman


_____
William Transier

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Managers of (1) First Brands Group Holdings, LLC, (2) First Brands Group Intermediate, LLC, (3) First Brands Group, LLC and (4) Viceroy Private Capital, LLC, have executed this written consent as of the date first written above.

**Managers:**

_____
Patrick James

_____
Shekhar Kumar

_____
Stephen Graham

_____
Neal Goldman

_____
William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT – APPROVAL OF FILING]*

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Managers of (1) First Brands Group Holdings, LLC, (2) First Brands Group Intermediate, LLC, (3) First Brands Group, LLC and (4) Viceroy Private Capital, LLC, have executed this written consent as of the date first written above.

**Managers:**

_____
Patrick James

_____
Shekhar Kumar

_____
Stephen Graham

_____
Neal Goldman

*William L. Transier*
_____
William Transier

*[SIGNATURE PAGE TO OMNIBUS CONSENT – APPROVAL OF FILING]*

IN WITNESS WHEREOF, the undersigned, being the Manager of each of (1) Autolite Operations LLC, (2) FRAM Group Operations LLC, (3) Heatherton Holdings, LLC, (4) Horizon Global Company LLC, (5) Horizon International Holdings LLC, (6) Horizon Euro Finance LLC, (7) Strongarm, LLC, (8) Premier Marketing Group, LLC, (9) Carter Fuel Systems, LLC, (10) Carter Carburetor Holdings, LLC, (11) Carter Carburetor, LLC, (12) Transportation Aftermarket Enterprise, LLC, (13) TAE Brakes, LLC, (14) Qualitor Automotive, LLC, (15) BPI Acquisition Company, LLC, (16) Brake Parts Inc LLC, (17) BPI EC, LLC, (18) Brake Parts Inc India LLC, (19) BPI Holdings International, LLC, (20) Brake Parts Inc China LLC, (21) SDC TX, LLC, (22) Reman Management International LLC, (23) Smart Choice, LLC, (24) Tridonex USA LLC, (25) Global Reman Ventures, LLC, (26) APC Parent, LLC, (27) APC Intermediate Holdings, LLC, (28) CWD Intermediate Holdings I, LLC, (29) CWD Intermediate Holdings II, LLC, (30) CWD Holding, LLC, (31) Qualis Enterprises, LLC, (32) UCI International, LLC, (33) United Components, LLC, (34) UCI Acquisition Holdings (No. 4) LLC, (35) Airtex Industries, LLC, (36) Universal Auto Filter LLC, (37) Walbro Midco LLC, (38) Walbro LLC, (39) Eagle Machining, LLC, (40) Eagle Casting Holdings, LLC, (41) Eagle Casting, LLC, (42) Toledo Molding & Die, LLC, (43) Carnaby Capital, LLC, (44) Carnaby Inventory Holdings IV, LLC, (45) Carnaby Inventory IV, LLC, (46) Carnaby FA Holdings, LLC, (47) Carnaby FA, LLC, has executed this written consent as of the date first written above.


**MANAGER:**


Patrick James

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Directors of each of (1) Dalton Corporation, Warsaw Manufacturing Facility and (2) Dalton Corporation, Ashland Manufacturing Facility, has executed this written consent as of the date first written above.

**Board of Directors:**

_____
Patrick James


_____
Shekhar Kumar

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Directors of each of (1) Dalton Corporation, Warsaw Manufacturing Facility and (2) Dalton Corporation, Ashland Manufacturing Facility, has executed this written consent as of the date first written above.

**Board of Directors:**

_____
Patrick James

_____
Shekhar Kumar

IN WITNESS WHEREOF, the undersigned, being the sole member of the Board of Directors of (1) AVM Export, Inc.,  (2) Carter Fuel Export, Inc., (3) Specialty Pumps Group, Inc., (4) ASC Industries, Inc., (5) KTRI Holdings, Inc., (6) Viper Acquisition, Inc., (7) Qualitor Acquisition Inc., (8) Qualitor, Inc., (9) TAE China Holdings, Inc., (10) Qualitor Subsidiary H, Inc., (11) Qualitor Subsidiary S, Inc., (12) Longman Enterprises, Inc., (13) Pylon Manufacturing Corp., (14) Pylon South Bend, Inc., (15) Trico Products Corporation, (16) Trico Holding Corporation, (17) Trico Technologies Corporation, (18) Viper Acquisition I, Inc., (19) International Brake Industries, Inc., (20) IBI International Holding Company, Inc., (21) Cardone Industries, Inc., (22) UCI International Holdings Parent, Inc., (23) UCI International Holdings, Inc., (24) UCI-Airtex Holdings, Inc., (25) UCI Pennsylvania, Inc., (26) Champion Laboratories, Inc., (27) Fuel Filter Technologies, Inc., (28) Jasper Acquisition Corp., (29) Jasper Rubber Products, Inc., (30) PHNX Acquisition Corp., (31) Hopkins Acquisition, Inc., (32) Hopkins Manufacturing Corporation, (33) Carrand Companies, Inc., (34) Horizon Global Corporation, (35) Horizon Global Americas Inc., (36) WEM US Co., (37) Dalton Corporation, Kendallville Manufacturing Facility, (38) Dalton Corporation, Stryker Machining Facility Co., and (39) Dalton Corporation, has executed this written consent as of the date first written above.

**DIRECTOR:**

_____
Patrick James

IN WITNESS WHEREOF, the undersigned, being the Member of CWD, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**CWD INTERMEDIATE HOLDINGS II, LLC**

By: _____
Name:  Patrick James
Title:   President and Chief Executive Officer

IN WITNESS WHEREOF, the undersigned, being the Member of Qualis Automotive, L.L.C., has executed this written consent as of the date first written above.

**MEMBER:**

**QUALIS ENTERPRISES, LLC**


By: _____
Name: Patrick James
Title:   President and Chief Executive Officer

IN WITNESS WHEREOF, the undersigned, being the Member of KTRI Offshore Holdings, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**KTRI HOLDINGS, LLC**

By: _____
Name: Patrick James
Title:   President and Chief Executive
Officer

IN WITNESS WHEREOF, the undersigned, being the General Partner of Airtex Products, LP, has executed this written consent as of the date first written above.

**GENERAL PARTNER:**

**AIRTEX INDUSTRIES, LLC**


By: _____
Name: Patrick James
Title:   President and Chief Executive
Officer

IN WITNESS WHEREOF, the undersigned, being the Member of FRAMAUTO HOLDINGS, LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**FIRST BRANDS GROUP, LLC**


By: _____
Name: Patrick James
Title:   President and Chief Executive
Officer

IN WITNESS WHEREOF, the undersigned, being the Member of FRAM Group IP LLC, has executed this written consent as of the date first written above.

**MEMBER:**

**FRAMAUTO HOLDINGS INC.**

By: _____
Name: Patrick James
Title:   President and Chief Executive
Officer

**Fill in this information to identify the case:**

Debtor name: <u>Viceroy Private Capital, LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): <u>25-_____ (   )</u>

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HFS Attn.: Juan Segundo, Sales Director 360 Madison Avenue, 22nd Floor New York, New York 10017 United States | Attn.: Juan Segundo, Sales Director Phone: (862) 217-6927 Email: jsegundo@raistone.com | Supply Chain Finance | | | | $233,707,424.12 |
| 2 | Trade Finance Company Attn.: Juan Segundo, Sales Director 360 Madison Avenue, 22nd Floor New York, New York 10017 United States | Attn.: Juan Segundo, Sales Director Phone: (862) 217-6927 Email: jsegundo@raistone.com | Supply Chain Finance | | | | $208,261,460.18 |
| 3 | 1977 O'Connor Attn.: Juan Segundo, Sales Director 360 Madison Avenue, 22nd Floor New York, New York 10017 United States | Attn.: Juan Segundo, Sales Director Phone: (862) 217-6927 Email: jsegundo@raistone.com | Supply Chain Finance | | | | $116,072,544.90 |
| 4 | The CIT Group Attn.: Michael Helms 201 S Tryon Street, Suite 600 Charlotte, North Carolina 28202 United States | Attn.: Michael Helms Phone: (704) 339-2920 Email: michael.helms@firstcitizens.com | Supply Chain Finance | | | | $84,370,311.72 |
| 5 | Internal Revenue Service Attn.: Centralized Insolvency Operation 1111 Pennsylvania Avenue NW Washington, District of Columbia 20004-2541 United States | Attn.: Centralized Insolvency Operation Phone: (800) 973-0424 Fax: (855) 235-6787 | Federal Income Taxes | | | | $68,661,790.97 |
| 6 | Napier Attn.: John Pfisterer, Global Head of Revenue Strategy 285 Madison Avenue, Suite 1402 New York, New York 10017 United States | Attn.: John Pfisterer, Global Head of Revenue Strategy Phone: (914) 844-9422 Email: jpfisterer@liquidx.com | Supply Chain Finance | | | | $47,094,364.74 |

Debtor      Viceroy Private Capital, LLC

Case number (if known)   25-_____ (  )

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   Wafra (WSS)<br>Attn.:  Juan Segundo, Sales Director<br>360 Madison Avenue, 22nd Floor<br>New York, New York 10017<br>United States | Attn.:  Juan Segundo, Sales Director<br>Phone: (862) 217-6927<br>Email: jsegundo@raistone.com | Supply Chain Finance | | | | $38,030,178.32 |
| 8   Pemberton Capital Advisors LLP<br>Attn.: Joe Boscia, Executive Director<br>5 Howick Place<br>London, SW1P 1WG<br>United Kingdom | Attn.: Joe Boscia, Executive Director<br>Phone: +44 203-8611671<br>Email: joe.boscia@pembertonam.com | Supply Chain Finance | | | | $36,269,326.67 |
| 9   IVY<br>Attn.:  Juan Segundo, Sales Director<br>360 Madison Avenue, 22nd Floor<br>New York, New York 10017<br>United States | Attn.:  Juan Segundo, Sales Director<br>Phone: (862) 217-6927<br>Email: jsegundo@raistone.com | Supply Chain Finance | | | | $26,643,031.95 |
| 10   Fasanara<br>Attn.:  John Pfisterer, Global Head of Revenue Strategy<br>285 Madison Avenue, Suite 1402<br>New York, New York 10017<br>United States | Attn.: John Pfisterer, Global Head of Revenue Strategy<br>Phone: (914) 844-9422<br>Email: jpfisterer@liquidx.com | Supply Chain Finance | | | | $24,298,011.42 |
| 11   Southstate Bank, N.A.<br>Attn.: John Seeds, Senior VP<br>1101 1st Street S<br>Winter Haven, Florida 33880<br>United States | Attn.: John Seeds, Senior VP<br>Phone: (404) 995-6092<br>Email: john.seeds@southstatebank.com | Supply Chain Finance | | | | $22,803,104.78 |
| 12   Orbian Management Limited<br>Attn.: Delvina Kolic, Director<br>34-37 Liverpool Street, 2nd Floor<br>London, EC2M 7PP<br>United Kingdom | Attn.: Delvina Kolic, Director<br>Phone + 44 0-208-051-8890<br>Email: delvina.kolic@orbian.com | Supply Chain Finance | | | | $20,033,620.15 |
| 13   Randall Metals Corporation<br>Attn.: Larry Leffingwell, Chairman<br>10275 W Higgins Road, Suite 410<br>Rosemont, Illinois 60018<br>United States | Attn.: Larry Leffingwell, Chairman<br>Phone: (847) 952-9690<br>Email: lleffingwell@randallmetals.com | Trade Payables | | | | $15,259,077.43 |
| 14   THI Group Shanghai<br>Attn.:  Ricky He, Senior Manager<br>10F, Kaikai Plaza, No 888<br>Wanhangdu Road, Jinan District<br>Shanghai, 200042<br>China | Attn.: Ricky He, Senior Manager<br>Phone: +86 21-61339533-768<br>Email: rickyhe@t3ex-thi.com | Trade Payables | | | | $14,797,510.05 |
| 15   Yusin Brake Corporation<br>Attn.: Paul Stewart, VP<br>5F, No. 381<br>Wufeng N. Rd, East Dist.<br>Chiayi City, 600<br>Taiwan | Attn.: Paul Stewart, VP<br>Phone: + 886 5-2788687<br>Email: paul@bourneusa.com | Trade Payables | | | | $14,159,155.67 |

| Debtor | Viceroy Private Capital, LLC | Case number (if known) | 25-_____ (  ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | DSSI LLC<br>Attn.:  Suja Katarya, CEO<br>9300 Shelbyville Road, Suite 910<br>Louisville, Kentucky 40222<br>United States | Attn.:  Suja Katarya, CEO<br>Phone:  (248) 208-8375<br>Email:<br>suja.katarya@procurementadvisors.com | Trade Payables | | | | $9,082,728.66 |
| 17 | Nomura<br>Attn.:  Juan Segundo, Sales Director<br>360 Madison Avenue, 22nd Floor<br>New York, New York 10017<br>United States | Attn.:  Juan Segundo, Sales Director<br>Phone:  (862) 217-6927<br>Email:  jsegundo@raistone.com | Supply Chain Finance | | | | $8,930,890.70 |
| 18 | Future Electronics Corp.<br>Attn.:  Geoff Annesi, Corporate VP<br>237 Hymus Boulevard<br>Pointe-Claire, Quebec<br>QC H9R 5C7<br>Canada | Attn.:  Geoff Annesi, Corporate VP<br>Phone:  (514) 694-7710<br>Email:<br>geoffrey.annesi@futureelectronics.com | Trade Payables | | | | $8,388,368.93 |
| 19 | American Global Logistics<br>Attn.:  Chad Rosenberg, CEO<br>1400 Hembree Road, Suite 120<br>Roswell, Georgia 30076<br>United States | Attn.:  Chad Rosenberg, CEO<br>Phone:  (404) 480-4593<br>Email:<br>crosenberg@americangloballogistics.com | Trade Payables | | | | $8,208,622.00 |
| 20 | FedEx Trade Networks<br>Attn.:  Patrick Moebel, President<br>3650 Hacks Cross Road<br>Memphis, Tennessee 38103<br>United States | Attn.:  Patrick Moebel, President<br>Phone:  (901) 818-7500<br>Email:  patrick.moebel@fedex.com | Trade Payables | | | | $7,297,882.53 |
| 21 | Cardone Holdco LP<br>c/o Brookfield Asset Management<br>Attn.:  Rachel Arnett, VP<br>Brookfield Place New York<br>250 Vesey Street, 15th Floor<br>New York, New York 10281<br>United States | Attn.:  Rachel Arnett, VP<br>Phone:  (416) 682-3860<br>Email:  rachel.arnett@brookfield.com | Revenue Payout Liability | | | | $7,000,000.00 |
| 22 | Veritiv Operating<br>Attn.:  Randy Breaux, President<br>1605 Alton Road<br>Birmingham, Alabama 35210<br>United States | Attn.:  Randy Breaux, President<br>Phone:  (205) 956-1122<br>Email:  randy_breaux@genpt.com | Trade Payables | | | | $5,768,488.62 |
| 23 | Smurfit Kappa<br>Attn.:  Laurent Sellier, CEO<br>900 S Pine Island Road, Suite 600<br>Plantation, Florida 33324<br>United States | Attn.:  Laurent Sellier, CEO<br>Phone:  (954) 514-2600<br>Email:  laurent.sellier@smurfitkappa.com | Trade Payables | | | | $5,475,533.30 |

| Debtor | Viceroy Private Capital, LLC | Case number (if known) | 25-_____ ( ) |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 Shin Yuh Cherng Industrial Co., Ltd. Attn.: Mandy No.13, Gongye 5th Road Annan Dist. Tainan City, 70955 Taiwan | Attn.: Mandy Phone: +886 6-3845858 Email: mandy@sycind.com | Trade Payables | | | | $5,292,313.62 |
| 25 Rebuilders Auto Supply Attn.: Jesse Whiteside, CEO 1650 Flat River Road Coventry, Rhode Island 02816 United States | Attn.: Jesse Whiteside, CEO Phone: (401) 822-3030 Email: jwhiteside@coresupply.com | Trade Payables | | | | $5,021,875.20 |
| 26 Resortes Y Productos Metalicos Attn.: Cory Harrison, Operations Manager 21200 Telegrpaph Road Southfield, Michigan 48033 United States | Attn.: Cory Harrison, Operations Manager Phone: (248) 799-5400 Email: cory.harrison@psspring.com | Trade Payables | | | | $4,953,070.97 |
| 27 Evolution Credit Partners Attn.: Krum Dukin, Managing Director 28 State Street, 28th Floor Boston, Massachusetts 02109 United States | Attn.: Krum Dukin, Managing Director Phone: (617) 410-4805 Email: kdukin@evolutioncreditpartners.com | Factoring Agreements | Contingent Unliquidated Disputed | | | Undetermined |
| 28 Katsumi Global, LLC Attn.: Tim King, CEO 6177 Lake Waldon Drive Clarkston, Michigan 48346 United States | Attn.: Tim King, CEO Phone: (415) 706-8184 Email: tking@jamitsuicapital.com | Factoring Agreements | Contingent Unliquidated Disputed | | | Undetermined |
| 29 Leucadia Asset Management - Trade Finance Group Jefferies Attn.: John Nesci, Senior VP 520 Madison Avenue New York, New York 10022 United States | Attn.: John Nesci, Senior VP Phone: (212) 284-1786 Email: jnesci@jefferies.com | Factoring Agreements | Contingent Unliquidated Disputed | | | Undetermined |
| 30 Raistone Attn.: Juan Segundo, Sales Director 360 Madison Avenue, 22nd Floor New York, New York 10017 United States | Attn.: Juan Segundo, Sales Director Phone: (862) 217-6927 Email: jsegundo@raistone.com | Factoring Agreements / Supply Chain Finance | Contingent Unliquidated Disputed | | | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **VICEROY PRIVATE CAPITAL, LLC,** | § § | Case No. 25-_____ ([●]) |
|   | § § |   |
| Debtor. | § |   |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in First Brands Group, LLC and each of its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**") as of the date hereof.  The Debtors respectfully represent as follows:

1. Debtor Viceroy Private Capital, LLC ("**Viceroy**"), non-Debtor Brake Parts Holdings, Inc., and non-Debtor Aztec Corporation own 66%, 33%, and 1%, respectively, of the outstanding membership interests in Debtor First Brands Group Holdings, LLC ("**Holdings**").

2. Holdings owns, directly or indirectly, 100% of the outstanding membership interests in the remaining Debtors other than the Viceroy Debtors (as defined below).

3. Non-Debtor Mayfair Enterprises, LLC owns 100% of the outstanding membership interests in Viceroy.

4. Viceroy owns, directly or indirectly, 100% of the outstanding membership interests in the following Debtors (collectively, with Viceroy, the "**Viceroy Debtors**"):

   a. Broad Street Financial Holdings, LLC;

   b. Broad Street Financial, LLC;

    c.        Carnaby Capital Holdings, LLC;

    d.        Carnaby Capital, LLC;

    e.        Carnaby FA Holdings, LLC;

    f.        Carnaby FA, LLC;

    g.        Carnaby Inventory Holdings II, LLC;

    h.        Carnaby Inventory Holdings III, LLC;

    i.        Carnaby Inventory Holdings IV, LLC;

    j.        Carnaby Inventory II, LLC;

    k.        Carnaby Inventory III, LLC;

    l.        Carnaby Inventory IV, LLC;

    m.        Eagle Castings Holdings, LLC;

    n.        Global Assets GmbH;

    o.        Global Assets LLC;

    p.        Global Lease Assets Holdings, LLC;

    q.        Patterson Inventory Holdings, LLC;

    r.        Patterson Inventory, LLC;

    s.        Starlight Inventory Holdings I, LLC; and

    t.        Starlight Inventory I, LLC.

5.     To the best of the Debtors' knowledge and belief, except as set forth above, no corporation directly or indirectly owns 10% or more of the outstanding membership interests of any Debtor.

## <u>Exhibit A</u>

**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **VICEROY PRIVATE CAPITAL, LLC,** | § | **Case No. 25-_____ ([●])** |
| | § | |
| | § | |
| Debtor. | § | |

### LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐     There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒     The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Mayfair Enterprises, LLC<br>127 Public Square, Suite 5300<br>Cleveland, Ohio 44114 | Units | 100% |

---

[1]     This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: <u>Viceroy Private Capital, LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): <u>25-____ ( )</u>

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule ____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>September 28, 2025</u>        **x**  <u>/s/ Charles M. Moore</u>
MM/DD/YYYY
Signature of individual signing on behalf of debtor

<u>Charles M. Moore</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor